JANE M. REID, Respondent, *v.* HENRY S. TERWILLIGER, Impleaded, etc., Appellant.

The provision of the Civil Damage Act (Chap. 646, Laws of 1873), allowing a recovery in a case specified "for all damages sustained and for exemplary damages," made no change in the rules as to ascertaining damages.

The statute creates new causes of action for acts which are made wrongs, and stamps them with the same character as other wrongs, making them subject to the existing rules governing damages in actions for torts or wrongs.

In such an action, therefore, exemplary or punitive damages are not recoverable except upon proof of aggravating circumstances with which defendant is connected.

The fact that the act gives to the injured party the right to bring a joint action against the vendor of the liquor which caused the intoxication and the owner of the premises where it was sold, does not subject the owner to exemplary damages, although the circumstances proved would justify a recovery of them against the vendor, unless the proof connects the owner with those circumstances.

Where, therefore, in an action by a wife to recover damages for the death of her husband caused by his intoxication, there was evidence sufficient to justify a recovery of exemplary damages against the vendor of the liquors, *i. e.*, that he had been requested by the plaintiff not to sell or give intoxicating liquors to her husband, but there was no evidence showing or tending to show that the owner of the premises where the liquor was sold knew that his tenant had been forbidden to sell to the deceased, or that he knew that any such sales had been made at any time, *held*, that a charge of the court that the jury might award exemplary damages against both defendants was error.

*Reid* v. *Terwilliger* (42 Hun, 310) reversed.

(Argued October 29, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 14, 1886, which affirmed a judgment in favor of the plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*M. H. Hirschberg* for appellant. There was no proof that the defendant Henry S. Terwilliger had any knowledge that

McLaughlin sold intoxicating liquors. (*Mead* v. *Stratton*, 8 Hun, 148, 151.) It was error to charge the jury that Terwilliger was liable for exemplary damages. (*Rawlins* v. *Vidvard*, 34 Hun, 205; *Ketcham* v. *Fox*, 52 id. 284; *Neu* v. *McKechnie*, 95 N. Y. 632; Mayne on Damages, § 769; *Clark* v. *Newsam*, 1 Exch. 140; *Cleghorn* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 44.)

*Gideon Hill* for respondent. The defendants were not entitled to separate trials. (Laws of 1873, chap. 646, § 1.) The appellant had knowledge that intoxicating liquors were to be sold on the premises at the time he leased them to McLaughlin, and knew that liquors were being sold after the lease was made. (2 Pothier's Treatise, 295; *Wright* v. *Maseras*, 56 Barb. 521, 524, 532; *Bush* v. *Lathrop*, 22 N. Y. 535, 550; *Starin* v. *Kelly*, 88 id. 421.) Plaintiff was entitled to exemplary damages. (*Franklin* v. *Schermerhorn*, 8 Hun, 112; *Davis* v. *Standish*, 26 id. 615, 616; *Hoard* v. *Peck*, 56 Barb. 202; *Neu* v. *McKechnie*, 95 N. Y. 632; Laws of 1857, chap. 628, § 20; *Baker* v. *Pope*, 2 Hun, 556; *Gaussly* v. *Perkins*, 30 Mich. 492; Abb. Trial Ev. 781.) A joint action may be maintained against the owner and tenant for all damages sustained, and for exemplary damages. (*Bertholf* v. *O Reilly*, 8 Hun, 16; *Hackett* v. *Smelsley*, 77 Ill. 109, 123; *Jackson* v. *Brookine*, 5 Hun, 533, 534.)

POTTER, J. This action was brought by the plaintiff to recover damages under the act, chapter 646, Laws of 1873, known as the civil damage law, to her means of support, occasioned by the death of her husband in consequence of intoxication produced by drinking intoxicating liquors sold to the deceased by the defendant, McLaughlin, in a hotel stand owned and leased to him by the defendant Terwilliger. The defendant Terwilliger alone appealed from the judgment. The facts appearing upon the trial showed that the hotel, at which the liquors were sold and drank, was in Wallkill, Ulster county; that the defendant Terwilliger lived some twelve

miles from the hotel; that he leased the hotel stand to the defendant McLaughlin in 1884, and had so leased it for the three years preceding; the rent was payable quarterly, and the defendant Terwilliger used to come to the hotel to collect the rent.

Evidence was introduced by plaintiff showing these facts, and that the plaintiff was dependent upon the deceased for her support; that she had given the defendant McLaughlin notice, and requested him not to sell or give her husband liquors, and defendant McLaughlin had promised compliance with her request; that on or about the 8th day of November, 1884, the deceased drank at this hotel and became very much intoxicated, and that in consequence fell from a wagon, receiving injuries thereby which caused his death in a day or two thereafter.

I am satisfied the case was sufficiently proved against the defendant McLaughlin to sustain a verdict including exemplary damages, and that there was competent evidence sufficient to warrant the finding by the jury that the defendant knew the premises were used and were to be used for the purpose of selling intoxicating liquors. There was no evidence showing, or tending to show, that Terwilliger knew of McLaughlin selling intoxicating liquors to the deceased, at any time, or that he had been forbidden by the plaintiff to sell to the deceased. The jury rendered a verdict against both defendants under a charge that the jury might award exemplary damages against both defendants. The defendant Terwilliger duly excepted to that part of the charge.

The question upon this appeal is whether the plaintiff in this case, as presented by the court to the jury, is entitled to recover exemplary damages against the defendant Terwilliger. The statute under which the question in this appeal arises is chapter 646, Laws of 1873, and is as follows:

" Section 1. Every husband, wife, child, parent, guardian, employer, or other person who shall be injured in person, or property, or means of support, by any intoxicated person, or

in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name, against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication, in whole or in part, of such person or persons, and any person or persons owning or renting or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian or next friend as the court shall direct; and the unlawful sale or giving away of intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant under any lease or contract of rent upon the premises."

A critical examination of the language of this statute will suggest to a mind familiar with legal principles, that the legislature has created a cause of action or a right to recover damages for an injury where one did not exist before and to apply to such new cause of action an existing remedy. ( *Volans* v. *Owen*, 74 N. Y. 526 ; *Mead* v. *Stratton*, 87 id. 493.)

The substance of the statute is that, whenever the person, property or means of support of certain classes of persons shall be injured by any intoxicated person, or, in consequence of the intoxication of any person, such classes of persons shall have a right of action, and that the person who shall have sold or given the liquors causing the intoxication in any degree, and any person owning, renting or permitting the occupancy of the premises having knowledge that liquors were to be sold therein, shall be liable severally and jointly for all damages sustained, and for exemplary damages.

The legislature have, in this statute, defined the elements of a new cause of action and who may be liable for it. The legislature, however, made no change in the rules of ascertaining and determining the damages, or the limits of liability in the newly created causes of action, but left them subject to the

existing rules of damages, and to the facts established upon the trial.

The damages recoverable in actions for torts or wrongs have long since been classified into compensatory and punitive or exemplary. Compensatory damages were not recoverable, except upon proof of certain facts, and punitive damages were not recoverable without proof of facts additional to the facts required to recover compensatory damages.

The distinction between the two kinds was quite as well defined and are as essential as the distinction between different causes of action. Compensatory damages, as indicated by the word employed to characterize them, simply make good or replace the loss caused by the wrong. Exemplary damages, as also indicated by the word employed to characterize them, besides making good the loss, serve to punish and make an example of the wrong-doer. (*Voltz* v. *Blackmar*, 64 N. Y. 440–444; *Fisher* v. *Met. El. R. R. Co.*, 34 Hun, 433; *Rawlins* v. *Vidvard*, Id. 205, and the authorities cited by the justice in delivering the opinion of the General Term at page 208.)

Compensatory damages proceed from a sense of natural justice, and are designed to repair that of which one has been deprived by the wrong of another. To this species of damage the legislature or the courts have from time to time, in certain classes of wrongs, added another kind of damage when their commission was prompted or characterized by motives of malice, cruelty, oppression, wantonness or recklessness. It may be reasonably presumed that the legislature, knowing that it was giving a cause of action for an additional wrong, and wishing to stamp this wrong with the same character as other wrongs, declared from the outset, without waiting the doubtful or dilatory action of the courts, that exemplary damages might be recovered in this class of actions. It cannot be supposed the legislature intended to go further than to place this wrong upon the same plane with other wrongs where exemplary damages may be recovered when the evidence upon the trial will justify such damages in accordance with well established and recognized rules.

A contrary conclusion would render one, who rents a building or permits it to be occupied without reward, knowing that liquors are to be sold therein under a license from the public authorities, and with no other connection with the statutory wrong-doers, and without other personal fault or misconduct, liable, at least in part, to the punishment inflicted for a violation of the criminal laws. I am not willing to give such construction to the statute in question. Neither its language nor its purpose require or would justify it. It is better when established legal principles are to be so far departed from, or so radically changed in pronouncing or affirming a judgment, that it should be done by the law-making rather than the law-interpreting power.

All the adjudicated cases save one, and that one by a divided court, so far as I have been informed, have held in harmony with these views. (*Rawlins* v. *Vidvard*, 34 Hun, 205), before referred to in a very well considered opinion of the General Term, fourth department, holds that where an action is brought against the owner of premises under the civil damage act by a wife to recover damages for injuries, etc., through a sale of intoxicating liquors by the tenant to her husband, exemplary damages cannot be awarded by the jury without proof of aggravating circumstances with which the defendant is connected. (*Davis* v. *Standish*, 26 Hun, 608–615; *Jackson* v. *Brookins*, 5 id. 530, 535; *Ketcham* v. *Fox*, 52 id. 284.)

*Franklin* v. *Schemerhorn* (8 Hun, 112) holds that "although the jury in this class of cases have the right to give exemplary damages, yet they should only be given where there are circumstances of abuse and aggravation proved against the vendor of the liquor."

The question under consideration was before this court in one aspect in *Neu* v. *McKechnie, et al.* (95 N. Y. 632).

It was in relation to what was proper evidence to warrant a recovery of exemplary damages in an action under this statute against the vendor. The case recognizes the established rule that in order to recover exemplary damages legitimate evidence must be given for that purpose.

All the cases which have been decided require such proof to be given against the vendor, to authorize such recovery, notwithstanding the peculiar phraseology of the statute, and yet it may be just as reasonably argued from that wording, that a recovery of exemplary damages may be had against the vendor without any proof of the facts requiring it in other cases. The statute after declaring the wrong, specifies the persons who may have an action and the persons liable therefor, viz., the vendor and owner in the circumstances specified, severally or jointly for all damages sustained and for exemplary damages. If this language, alike applicable to both vendor and owner does not relieve the plaintiff from proving the requisite personal facts for exemplary damages against the vendor, why should it relieve plaintiff from proving the necessary personal facts to recover exemplary damages against the owner?

I do not think the 'fact that the legislature has enabled the injured party to bring a joint action against the vendor of the liquor and the owner of the premises affects the decision of the question under consideration.

But it is claimed in behalf of the respondent that even if the charge in relation to the right of the plaintiff to recover in this case exemplary damages against the owner of the premises was erroneous, yet the verdict in this case embraced no exemplary damages. Perhaps that may be so. The verdict was quite moderate in amount, but how is this court to be assured of the truth of the statement that the verdict contained no exemplary damages. This court cannot resolve itself into a jury, or an inquisition to investigate the evidence presented in the appeal book. This court has jurisdiction to pass upon questions of law, and in respect to the directions of the trial court to juries, to determine whether the action was tried upon correct legal principles.

Being satisfied that the charge by the trial court was erroneous, we must reverse the judgment and grant a new trial, costs to abide event.

All concur, except Haight and Parker, JJ., not sitting.

Judgment reversed.