Richard D. Rosenbloom, J.
This proceeding is brought pursuant to section 461 of the Family Court Act to modify an order of another court for child support. The parties were divorced by a decree made by the First Civil Court of Bravos District, State of Chihuahua, Republic of Mexico dated January 15, 1969. Said decree required petitioner to pay the sum of $60 per week between October 1 and March 31 of each year and the sum of $55 per week during the balance of each year for the support of six children.
At the time of the hearing of this application, there were only three children of the parties requiring support in accordance with the laws of the State of New York. Petitioner testified that he was totally disabled by reason of a respiratory condition and that his only source of income was a Government pension in the sum of $342 per month ($79.53 per week). Petitioner contends that his pension may not be considered on the question of his ability to support his children, citing title 5 of the United States Code (§ 8346, subd [a]) which provides as follows: "The money mentioned by this subchapter is not assignable, either in law or equity, or subject to execution, levy, attachment, garnishment, or other legal process.”
In considering petitioner’s obligation, the court must determine if he is "possessed of sufficient means or able to earn such means” in accordance with section 413 of the Family Court Act. Means is defined as "resources, available property” by Black’s Law Dictionary, Revised Fourth Edition, and as "resources, property, riches” by Webster’s New Twentieth Century Dictionary of the English Language — Unabridged.
The term "means” is not restricted to earned income only, but also includes petitioner’s resources and property. "The court may properly consider any and all assets which are or might be at the disposal of the respondent in proceedings before it.” (Chapman v Chapman, 28 AD2d 1028.) In doing so, I am only considering petitioner’s retirement pension as a part of his resources, rather than directly subjecting his pension to legal process as prohibited by the Federal statute.
I find that since the granting of the decree in 1969, there has been a substantial change in circumstances so as to require a modification thereof. At the time of the decree, there were six children to be supported; now there are three. At the time of the decree, petitioner earned approximately $8,000 per year; now his only source of income is $342 per month. Respondent now earns between $174.50 and $202 per week *1062 which is substantially in excess of her earnings at the time of the decree.
There is no question that respondent’s reasonable living expenses exceed her own income and that there is a need for support. However, petitioner appears to be living at a basic subsistence level and I find that he does not have sufficient means to contribute to the support of the children. Petitioner is directed to continue to provide medical insurance coverage for the children. The decree is modified as of July 31, 1975 to eliminate the payments required to be made by petitioner to respondent for the support of the children.