■ SARAH J. SZABLAK, Appellant, v PHILIP M. KEIDA, Respondent.—Order unanimously reversed on the law with costs and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: Supreme Court denied plaintiff's application for an upward modification in child support upon the ground that she merely sought to reapportion the support obligation between the parties (*see, Matter of Boden v Boden,* 42 NY2d 210). In reaching that conclusion, the court relied solely upon the financial affidavits submitted by the parties and did not conduct an evidentiary hearing. That was error. The parties entered into a separation agreement in 1975. That agreement, which was incorporated by reference into the judgment of divorce, obligated defendant to pay child support in the sum of $40 per week. When the agreement was signed, the child, Jacqueline, was unborn, and the provision for child support was a mere estimate of future need. According to plaintiff's financial statement, the minimum needs of the child are more than twice the amount of the support obligation set forth in the agreement. Because plaintiff demonstrated a change of circumstances and that the reasonable needs of the child had increased significantly since execution of the separation agreement, the court should have conducted a full evidentiary hearing to determine whether an upward modification was warranted (*see, Matter of Brescia v Fitts,* 56 NY2d 132, *on remand* 89 AD2d 894; *Jonasse v Jonasse,* 116 AD2d 997; *Verrone v Voegtle,* 103 AD2d 1005; *Van Niel v Van Niel,* 93 AD2d 986). We additionally observe that the statements submitted by the parties set forth monthly expenses. Both parties have remarried, however, and the record does not reveal what contributions toward those expenses are being met by the current spouse of each party. Accordingly, we remit this matter for an evidentiary hearing on the issues raised by both parties. (Appeal from order of Supreme Court, Oneida County, Tenney, J.—child support.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.