■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of CHRISTINE WANDEL, Appellant, v ARNALDO SEGARRA, Respondent.—Order, Family Court, New York County (George Jurow, J.), entered on or about May 15, 1989, denying an objection by petitioner, the Commissioner of Social Services, to a support hearing determination rendered December 14, 1988, which, *inter alia,* limited the child support award against the father to the amount of the public assistance grant plus $50 per month, unanimously affirmed, without costs.

The Commissioner brings this petition pursuant to Family Court Act § 415 as assignee of the support rights of the custodial mother (Family Ct Act § 571), who receives public assistance under the Aid to Families with Dependent Children program (AFDC; 42 USC § 601 *et seq.).* This assignment is a condition of obtaining public assistance under the AFDC program. (45 CFR 232.11 [a] [1].) At issue on appeal is the Family Court's denial of the Commissioner's objection to the Hearing Examiner's refusal to expand the scope of the support hearing to include the child's "actual needs" and the father's ability to pay, as a prelude to recovering a sum greater than the AFDC grant accorded the family.

As assignee, the relief which petitioner may seek pursuant to Family Court Act § 415 is limited to reimbursement for the amount of its AFDC grant. *(Matter of Department of Social Servs. v Richard A.,* 138 AD2d 487; *see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 415, at 101; *see,* 45 CFR 302.51 [a], [b] [1], [2].) Moreover, we note that, while it is a commendable goal to compel the father to pay child support to the fullest extent of his ability, applicable Federal and State statutes are likely to preclude the family's receipt of any such additional funds exceeding $50 per month. Rather, these moneys will be applied to reimburse the government for prior payment to the family.

Of course, once the assignor mother "is no longer receiving public assistance", she may institute a support proceeding and

receive a hearing de novo on the amount of support to which she is entitled at the time. (Family Ct Act § 571 [3] [b].) Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.