OPINION OF THE COURT
Alexander, J.
We consider on this appeal the question of whether in a child support proceeding commenced by the Commissioner of Social Services pursuant to Family Court Act § 415, the obligation of a father for the support of his child receiving public assistance is limited to the amount of the child’s share of the monthly public assistance rather than being based on the child’s actual needs and the father’s means. The Appellate Division affirmed Family Court’s determination that the father’s obligation is so limited, concluding that as assignee of the support rights of the custodial mother who receives public assistance under the Aid to Families with Dependent Children (AFDC) program, the Commissioner may only seek reimburse *222 ment for the amount of the AFDC grant, and that "applicable Federal and State statutes are likely to preclude the family’s receipt of any such additional funds exceeding $50 per month.” (165 AD2d 655.)
In a paternity proceeding commenced against respondent, Arnaldo Segarra, by the Commissioner of Social Services, a determination of paternity was made against respondent following his numerous defaults in appearance and a Family Court order of filiation was entered on January 7, 1981. In July 1988, the instant proceeding was commenced by the Commissioner on behalf of Christine Wandel and her child, who were recipients of public assistance pursuant to the AFDC program, seeking a support order retroactive to the child’s birth.[1]
Neither respondent nor his attorney appeared at the scheduled hearing before the Hearing Examiner, but respondent’s financial statement and recent pay stubs which had been previously submitted were available and indicated an annual income of approximately $46,000. The Hearing Examiner found that respondent’s income was more than sufficient to meet the public assistance grant and awarded child support in the sum of $269.50 per month, representing the child’s share of the monthly AFDC payment plus $50.
Family Court rejected the Commissioner’s objection to the Hearing Examiner’s findings, stating that the purpose of Family Court Act § 415 was to reimburse the government for moneys expended — not to enrich it. As indicated the Appellate Division affirmed. This Court granted leave to appeal to the Commissioner and we now reverse for the reasons that follow.
Family Court Act § 415 renders a spouse or parent of a recipient of public assistance, of sufficient ability, responsible for the support of such person under 21 years of age.[2] We find *223 nothing in that statute limiting a parent’s obligation to support his or her child to that child’s portion of the public assistance grant. Indeed, the statute explicitly permits consideration of a noncustodial parent’s means in determining the level of child support payments, and the Family Court is authorized in its discretion to require a spouse, parent or stepparent of a recipient of public assistance to contribute "a fair and reasonable sum for the support of such relative”.[3]
The obligation of a parent to support its child arises under both common law and statute (see, Landes v Landes, 1 NY2d 358, 365; Family Ct Act § 413). The financial resources of parents have always been a factor to be taken in account in determining the amount of a child support award under Family Court Act § 413. That statute obligates parents of a child under 21 years of age, to support such child and if they are possessed of or able to earn sufficient means, to pay a fair and reasonable sum for the child as the court may determine. (See, Family Ct Act § 413.)
In 1989, section 413 was amended to adopt guidelines setting minimum and meaningful standards of obligation. (See, L 1989, ch 567, § 8.) The amendment, referred to as the Child Support Standards Act, requires the court to determine the amount of the basic child support obligation by combining the income of both parents and multiplying that income, up to $80,000, by a child support percentage. The resulting figure is then ratably apportioned between the two parents.
The statute (Family Ct Act § 413) was amended further in 1990 (L 1990, ch 818) to provide: "notwithstanding any other provision of law, including but not limited to section four hundred fifteen of this act, the court shall not find that the non-custodial parent’s pro rata share of such obligation is unjust or inappropriate on the basis that such share exceeds the portion of a public assistance grant which is attributable to a child” (Family Ct Act § 413 [1] [g]). The legislative memorandum indicates that this amendment was intended as a clarification, not a change of the law, and was aimed particularly at courts that have refused to order parents to *224 pay support that exceeds the child’s share of the public assistance grant (Sponsor’s Mem, Assembly 115505-C). Thus, with respect to a parent’s child support obligation, Family Court Act § 415 merely supplements existing law by making it clear that a parent’s duty to support is not abrogated by a child’s receipt of public assistance; it does not limit that obligation to the amount of the public assistance grant.
The Commissioner contends that as the assignee of the custodial parent’s right to compel support from the noncustodial parent he should be entitled to seek a child support award based on the child’s reasonable needs and the parents’ financial means. The Appellate Division concluded that Federal and State statutes and regulations limit the scope of the Commissioner’s child support assignment to reimbursement for the amount of the AFDC grant. We disagree.
The Commissioner’s right to seek support payments on behalf of an AFDC recipient is derived from Social Services Law §§ 111-b and 348 and Family Court Act § 571.[4] The Commissioner is authorized to act as assignee of a child’s right to support with regard to all types of child support payments (Family Ct Act § 571) and an application for aid to dependent children automatically operates as an assignment to the State and the applicable social services district of any rights the applicant has to support from other persons (Social Services Law § 348 [2]). Social services officials are authorized generally, to bring proceedings to enforce assigned support rights pursuant to article 4 of the Family Court Act (Family Ct Act § 571) and Social Services Law § 111-b (2) gives the official bringing the proceeding to enforce such an assignment the same rights as if the proceeding were being brought to enforce section 415 of the Family Court Act. Although Social Services Law § 349-b provides that the amount of the payments due from the absent parent shall be the amount of a current court support order, we find nothing in the relevant statutes or regulations that limit the amount of support which a court may order to the amount of the public assistance grant.
*225 New York has elected to participate in the AFDC program, thus Federal statutes and regulations with respect to that program are controlling to the extent they are applicable. (Matter of Lumpkin v Department of Social Servs., 45 NY2d 351, 355.) The 1975 amendments to the Federal Aid to Families with Dependent Children Act included a scheme for the distribution of court-ordered support collected on behalf of AFDC recipients. The scheme provides for reimbursement to the States for past, as well as present, AFDC payments. This distribution scheme is adopted in the New York State regulations (see, 18 NYCRR 347.13) — and contemplates that all assigned support payments be paid directly to the Commissioner (see, 45 CFR 302.32; 18 NYCRR 347.12 [a]). The Commissioner must then determine if the current support payment makes the family ineligible for AFDC (45 CFR 232.20, 302.32 [b]; 18 NYCRR 347.12 [b]) and if so, the Commissioner’s assignment terminates, except to the extent of unpaid support obligations that have accrued under such assignment (45 CFR 302.51 [f]; 18 NYCRR 347.13 [f]).[5]
Both Federal and State regulations provide for the distribution of support collected on behalf of an AFDC recipient in excess of an AFDC grant. The regulations establish a tiered distribution scheme (see, 42 USC § 657 [b] [1]-[4]; 45 CFR 302.51 [b] [1]-[5]; 18 NYCRR 347.13 [b] [2]-[4]), pursuant to which the first $50 of monthly support collected pursuant to a court order is distributed to the family and is disregarded as income. If the amount collected exceeds $50, the State is entitled to retain, as reimbursement, an amount equal to that month’s assistance payment. Any amount collected in excess of that month’s assistance payment is paid to the family to the limit of the amount required by the court order, and if any amount is collected in excess of the amount required to be paid by court order, it is applied to reimburse the State for past assistance payments made to that recipient. Once the State is reimbursed for AFDC assistance payments, any excess remaining is paid to the subject family. This tiered distribution scheme assures that the State is reimbursed for AFDC assistance payments made by it on behalf of an AFDC recipi *226 ent. All the moneys collected in excess of the AFDC grant here would have gone to the family because no support arrears existed.
Thus, contrary to the views expressed by the courts below, a support order in excess of the AFDC grant is not precluded by statute or regulation. Limiting the Commissioner’s right to collect support by the amount of an AFDC payment defeats the legislative intent embodied in Family Court Act §§ 413 and 415 that a parent provide for the support of a child commensurate with the child’s needs and the parent’s ability. Moreover, imposing such a limitation creates a disincentive for affluent noncustodial parents to make voluntary child support payments. We conclude therefore that a construction such as that articulated by both the Family Court and the Appellate Division is contrary to both Federal and State law providing for child support awards based upon the reasonable needs of the child as well as the means of the parents (see, 42 USC § 654; Family Ct Act §§ 413, 415).
The soundness of the result we reach is buttressed by the fact that requiring the courts to consider the financial means of a noncustodial parent of a child receiving public assistance not only benefits the child, but potentially results in greater support funds being available to the State for public assistance to others, by reducing or eliminating AFDC payments to those particular recipients. The noncustodial parent is not adversely affected because any support obligation imposed by court order is based upon the parent’s means as well as the child’s reasonable needs. We hold therefore that the Commissioner, as assignee of the rights of an AFDC dependent, is entitled to seek a child support award based upon the child’s needs and the noncustodial parent’s means and that the noncustodial parent’s obligation is not limited to the child’s share of the monthly public assistance grant.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Family Court, New York County, for further proceedings consistent with the opinion herein.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye taking no part.
Order reversed, etc.

. The Commissioner concedes that he did not raise the Hearing Examiner’s failure to order retroactive support payments in his formal objection to Family Court nor was it orally raised at the hearing. That issue, thus, was waived and is unreviewable in this Court. (Family Ct Act § 439 [e]; see also, Matter of Werner v Werner, 130 AD2d 754.)

. Social Services Law §§ 101, 102 impose a duty on a spouse or parent to indemnify the government for funds expended for the support of a child, stepchild, or spouse.

. Family Court Act §415 provides as relevant: "Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * * provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years. In its discretion, the court may require any such person to contribute a fair and reasonable sum for *223 the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means”.

. These statutes were enacted in response to Federal legislation enacted in 1975 affecting all States participating in the Federal Aid to Families with Dependent Children program. In an effort to encourage aggressive implementation of existing child support enforcement laws, the legislation required that an applicant for AFDC benefits must "assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid” (42 USC § 602 [a] [26] [A]; 45 CFR 232.11 [a]).

. At the time the case was argued before the Appellate Division, Christine Wandel and her child no longer received public assistance. The Commissioner’s assignment continued for the difference between what respondent should have paid in accordance with the child’s needs and his means and what he was ordered to pay for the period when the mother and child were receiving AFDC benefits.