■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of JULIA SANTIAGO, Appellant, v PEDRO DIAZ, Respondent. In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of JACQUELINE MORA, Appellant, v JOSE RODRIGUEZ, Respondent. In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of JOSEPHINE QUINTANA, Appellant, v WALTER BARBOT, Respondent. In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of NANCY MALDONADO, Appellant, v JOHN DIAZ, Respondent.—Order of the Family Court, New York County (George Jurow, J.), entered on May 22, 1989, which upheld a hearing determination limiting a child support award from the non-custodial parent to that child's share of the public assistance grant, is unanimously reversed on the law and the matter remanded for further proceedings, without costs or disbursements.

Order of the Family Court, New York County (George Jurow, J.), entered on May 22, 1989, which upheld a hearing determination limiting a child support award from the non-custodial parent to that child's share of the public assistance grant, is unanimously reversed on the law and the matter remanded for further proceedings, without costs or disbursements.

Order of the Family Court, New York County (Bruce M. Kaplan, J.), entered on May 19, 1989, which upheld a hearing determination limiting a child support award from the non-

custodial parent to that child's share of the public assistance grant, is unanimously reversed on the law and the matter remanded for further proceedings, without costs or disbursements.

Order of the Family Court, New York County (George Jurow, J.), entered on May 30, 1989, which upheld a hearing determination limiting a child support award from the non-custodial parent to that child's share of the public assistance grant, is unanimously reversed on the law and the matter remanded for further proceedings, without costs or disbursements.

These cases all involve the same issue: whether the Commissioner of Social Services, as assignee of the child support rights of Aid to Families with Dependent Children, may collect from the non-custodial parent an amount in excess of that child's share of the public assistance grant. The Family Court, in each of the subject matters and in reliance upon its prior decision in *Matter of Commissioner of Social Servs. v Segarra* (George Jurow, J., entered on or about May 15, 1989, *affd* 165 AD2d 655), upheld the Hearing Examiner's determination in limiting the child support awards from the non-custodial parent to the child's share of the public assistance grant regardless of the financial means of the parent in question. However, in view of the reversal by the Court of Appeals in *Matter of Commissioner of Social Services v Segarra* (78 NY2d 220), the orders being appealed herein must be reversed. Accordingly, a remand of these cases is required to ascertain the appropriate support obligations of the non-custodial parent, taking into consideration both the reasonable needs of the child and the parental means. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.