■ In the Matter of Monroe County Department of Social Services, on Behalf of Eleanor Bain, Appellant, v Frank Henderson, Respondent.—Order unanimously modified on the law, and as modified affirmed without costs, in accordance with the following memorandum: It was error for the Hearing Examiner to limit respondent's weekly child support obligation to the amount of petitioner's weekly welfare expenditure for the child ($38) rather than awarding support at the level prescribed by the Child Support Standards Act (in this case, $53). "[N]otwithstanding any other provision of law, including but not limited to [Family Court Act § 415], the court shall not find that the noncustodial parent's pro rata share of such obligation is unjust or inappropriate on the basis that such share exceeds the portion of a public assistance grant which is attributable to a child or children" (Family Ct Act § 413 [1] [g]). In the absence of a finding that other circumstances make that amount of support unjust or inappropriate, respondent's support obligation must be determined in accordance with the Act's specific guidelines, and may not be limited to that portion of the agency's public assistance grant that is attributable to the child (see, Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220; Matter

*of Monroe County Dept. of Social Servs. v Paola,* 172 AD2d 1040; *see also, Matter of Monroe County Dept. of Social Servs. v Reaves,* 172 AD2d 1042; *Matter of Monroe County Dept. of Social Servs. v Turman,* 172 AD2d 1042). Thus, we modify the order of the Hearing Examiner to order respondent to pay petitioner $53 per week in child support. (Appeal from Order of Monroe County Family Court, Maas, J.—Child Support.) Present—Doerr, J. P., Denman, Green, Lawton and Davis, JJ.