■ COMMISSIONER OF SOCIAL SERVICES, on Behalf of MILAGROS DEJESUS, Respondent, v JESUS R. AYALA, Appellant.—Order of the Family Court, New York County (George Jurow, J.), entered October 16, 1990, which, inter alia, denied respondent's objection to the order of the Hearing Examiner, dated August 22, 1990, which required respondent to pay $279 bi-weekly in child support for one child is unanimously reversed, without costs, on the law, the facts and in the exercise of discretion, the order vacated, and the matter remanded for a hearing de novo and findings of fact which are based upon the support obligations of the respondent to three separate households. (Family Ct Act § 413.) Pending the new hearing, respondent shall pay $80 bi-weekly for the support of his son.

Respondent, appearing *pro se* on appeal as he has throughout these proceedings, seeks vacatur of a $279 bi-weekly child support award calculated under the guidelines of the Child Support Standards Act ("CSSA" [Family Ct Act § 413]) and reinstatement of a pre-CSSA order awarding $80 bi-weekly.

Respondent, a New York City police sergeant, is married but has no children of that marriage. He is the father of two children born out of wedlock to two different women. Pursuant to a July 23, 1986 Family Court order, respondent pays $100 bi-weekly for the support of his daughter, born on February 4, 1985. On December 17, 1986 respondent's son was born. On March 24, 1988 respondent began sending voluntary, non-adjudicated monthly support payments of $40 for his son. Respondent made these payments until a support order dated September 5, 1989 was issued. That order which was entered on consent without a formal fact-finding hearing, *inter alia,* directed respondent (1) to pay $80 bi-weekly in support for the son, (2) to make retroactive payment of $160 at the rate of $10 bi-weekly, and (3) to maintain health coverage for the child.

Petitioner, Commissioner of Social Services, timely objected to the September 5, 1989 order. Petitioner contended that respondent had substantial income and assets. It was also alleged that limiting respondent's support obligation to the public assistance allocation for his child was erroneous and based upon the improper concern "that any amount ordered over the [public assistance] budget will *not* go to the support of the subject child, but will in effect be applied toward the support of other persons in the household to whom Respondent owes no duty of support."* Petitioner sought vacatur of the September 5, 1989 order and a hearing *de novo.* Respondent did not file a rebuttal to the objection.

By order dated January 17, 1990, Judge Sheldon M. Rand noted that the September 5, 1989 order was entered prior to the September 15, 1989 effective date of the CSSA and concluded that pursuant to *Bowen v Gilliard* (483 US 587 [1987]), with respect to the assignment of support rights by public assistance recipients, a "child's support benefit may be used to

---

* It should be noted that in *Matter of Commissioner of Social Servs. v Segarra* (78 NY2d 220 [1991]) the Court of Appeals held that Family Court Act § 415 did not limit the parent's child-support obligation to the amount of the public assistance grant, and that Federal and State laws and regulations did not limit the scope of the Commissioner's child-support assignment to reimbursement for the amount of the grant. The Commissioner of Social Services could seek an award of child support in accordance with the needs of the child and the means of the parent.

defer expenses incurred by the entire family household." A further hearing on the respondent's financial means and the child's financial needs was ordered. Respondent's objection to this order was denied as premature—no final order in light of remand—by order dated April 25, 1990. No appeal was taken. In his objection to the *de novo* hearing, respondent, *inter alia,* alleged that he made monetary and non-monetary contributions to the subject family unit and that his income reflected unpredictable overtime wages.

On August 22, 1990, the hearing went forward and the support award for the son was recalculated to be $279 bi-weekly, based upon 17% of respondent's adjusted gross income. (Family Ct Act § 413 [1] [b] [3] [i].) The findings of fact essentially consisted of the Hearing Examiner's mathematical calculations. These included deductions from respondent's gross income for city taxes and social security (FICA), as well as $2,600 for the support of respondent's daughter. (Family Ct Act § 413 [1] [b] [5] [vii] [D], [G], [H].)

We find that under the facts of this case, the court should have expressly considered the obligations of the respondent to three separate households. Family Court Act § 413 (1) (f) (10) permits consideration of any "relevant" factor where a parent's pro rata share of the basic child support obligation may be "inappropriate". It was error to calculate the basic child support obligation without an express exploration of the respondent's entire obligations. Nevertheless, the fact that this court is requiring an $80 bi-weekly payment for the son is not intended to be binding on the Family Court as the extent of respondent's obligation to his son.

Finally, respondent's contentions (1) that he was prejudiced by petitioner's failure to provide him with sufficient legal advice although respondent elected to appear *pro se,* (2) that a hearing *de novo* as to the September 5, 1989 order was inappropriate and unjustified, (3) that the CSSA guidelines should not be applied because they were not in effect at the time of the September 5, 1989 order, and (4) that the Family Court was biased are without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.

