■ In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KELLIE HOLLAR, Appellant, v DANIEL DEGRAFF, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Family Court erred in limiting respondent's weekly child support obligation to the amount of public assistance his child Timothy receives *(see, Matter of Commissioner of Social Servs. v Segarra,* 78 NY2d 220; *Matter of Monroe County Dept. of Social Servs. v Paola,* 172 AD2d 1040). The Hearing Examiner found, and the court confirmed, that the household in which Timothy and his mother reside "contains children who are not dependents of respondent and therefore strict application of the guidelines would be unjust, inappropriate and the total amount could not be termed child support." That sole factor is not one of the specifically enumerated statutory factors and is insufficient to establish that application of the basic child support obligation under the Child Support Standards Act (CSSA) would be "unjust or inappropriate" (Family Ct Act § 413 [1] [f] [1]-[10]). On the contrary, the statute provides that the court "shall not find that the noncustodial parent's pro rata share of such obligation is unjust or inappropriate on the basis that such share exceeds the portion of a public assistance grant which is attributable to a child or children" (Family Ct Act § 413 [1] [g]; *see, Matter of Monroe County Dept. of Social Servs. v Henderson,* 177 AD2d 1058). Accordingly, the order is modified to increase respondent's support obligation to $61.03 per week, the amount of his basic child support obligation under the CSSA as determined by the Hearing Examiner. (Appeal from Order of Monroe County Family Court, Maas, J.—Child Sup-

port.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.