Titone and Hancock, Jr., J.
(dissenting). The issue on this appeal is whether the Department of Social Services, in its capacity as assignee of Adriana G. under a paternity settlement agreement, may seek to increase the amount of support due from a father under that agreement (see, Family Ct Act § 516). Because we believe that the Commissioner has assumed no rights greater than those which the mother had under the section 516 settlement agreement, we conclude that the Commissioner cannot now seek to increase the father’s obligations. We therefore dissent.
There is no question that the Commissioner of Social Services has a right to recoup from fathers amounts that the State expends in public assistance for the child (see, Family Ct Act § 415; Social Services Law §§ 101, 102; Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220). There is also no question that the Commissioner has the right and power to enforce the existing terms of a settlement agreement reached pursuant to Family Court Act § 516 as assignee of a party to the agreement that has become a public charge (see, Family Ct Act § 571; Social Services Law § 111-b).
At issue in the present case, however, is the distinct issue of whether the Commissioner may seek payments from the father in addition to the amount due under the agreement and the amount of public assistance. It is not clear in what capacity the Commissioner seeks to increase the father’s support obligation under the section 516 agreement. The majority fails to articulate a theory of standing by which an assignee of an agreement may seek to alter the terms of an agreement. Like any other assignee, the Commissioner is limited to enforcing the terms of the agreement.
Assuming for present purposes that the Commissioner has standing to request a variation of the terms of the agreement, the Commissioner does so only as assignee of the assignor’s rights under the agreement. No one disputes in this case that *418 as to the mother, the settlement agreement was conclusive as to the father’s child support obligations under Family Court Act §516. To hold, as the majority does today, that the Commissioner may request an increase in those obligations implies that as assignee, the Commissioner has somehow assumed greater rights under the agreement than enjoyed by the mother.
Finally, we cannot agree with the holding of the majority that "[o]nce a filiation order is made, a court can direct an appropriate level of support for the child” (majority opn, at 415) under Family Court Act § 545 (1) notwithstanding an existing section 516 agreement. The majority’s holding implies that the conclusive effect of a section 516 agreement is waived once paternity is admitted. Clearly, neither section 516 nor prior cases have established such a rule. Indeed, this rule undermines the very intent of section 516 to provide an incentive to settle paternity disputes amicably. Section 545 (1), moreover, authorizes the courts to set appropriate support obligations in filiation proceedings, a situation obviously not present here. We therefore cannot agree that under the facts of this case the Commissioner may now seek to increase the father’s support obligations.
Acting Chief Judge Simons and Judges Kaye and Bellacosa concur with Judge Smith; Judges Titone and Hancock, Jr., dissent and vote to reverse in a joint opinion.
Order affirmed, etc.