OPINION OF THE COURT
Ingrid S. Braslow, J.
In the instant matter the petitioner and his current spouse entered into a settlement agreement with Continental Casualty Company on September 16, 1992 as compensation for his personal injury, pain and suffering and the spouse’s loss of consortium claims which occurred as a result of an automobile accident. According to the terms of the settlement agreement, the petitioner is guaranteed to receive $633,000 with an *170 expected payout of $1,002,900. The payment schedule of the aforesaid includes an initial payout, monthly benefits and substantial disbursements in the future years. The petitioner is currently able to work as a survey engineer despite the physical disability incurred as a result of the accident. By petition filed August 29, 1995 S. G. sought the establishment of paternity for the subject children. The fact-finding hearing began on or about November 29, 1995 wherein the petitioner was represented by retained counsel and the respondent was represented by the Westchester County Attorney’s Office pursuant to section 111-g of the Social Services Law. The Hearing Examiner entered an order of paternity based on the respondent’s admission and subsequently addressed the respondent’s application for child support at another fact-finding hearing held on or about April 10, 1996. The Hearing Examiner did not include the proceeds of the personal injury settlement in calculating the amount of child support based on the conclusion that the funds received as a result of a personal injury settlement agreement do not constitute income pursuant to section 413 (1) (b) (5) of the Family Court Act. The Hearing Examiner applied the child support guidelines based on the parties’ 1995 income and entered a support order in the amount of $62.50 per child.
The respondent opposes such a finding by arguing that the compensation received as a result of a personal injury award should be considered as income citing DeVeto v DeVeto (85 Misc 2d 1060) and Matter of Chapman v Chapman (28 AD2d 1028) in support. The respondent also notes that it is undisputed that the petitioner’s injury has not prevented him from working and the petitioner’s union does not oppose him from seeking nonunion employment. The respondent alleges that the subject children’s minimum basic needs are not being met by the current order of support and no significance should be given to the portion of the settlement agreement that states that the personal injury monies represent damages for the petitioner’s pain and suffering. Lastly, the respondent cites Family Court Act § 413 (1) (b) (5) as the statutory authority for this court to exercise its discretionary powers in the case at bar. The petitioner concurs with the Hearing Examiner’s reasoning.
Erie County Dept. of Social Servs. (Trunfio) v Labarge (159 Misc 2d 806) analyzed the receipt of a personal injury award within the purview of section 413 (1) (e) of the Family Court Act. Trunfio reasoned that the receipt of compensatory dam *171 ages in a personal injury award " 'is intended to put the injured party in the position in which he was before he was injured’ ” (supra, at 809, citing 36 NY Jur 2d, Damages, § 1, at 12, citing Reid v Terwilliger, 116 NY 530). The Trunfio court further found that the court was not permitted to allocate a portion of the "non-recurring payment” from extraordinary sources that otherwise would be considered as income for the support of the child. Therefore, the personal injury award was less likely to be intended as a one-time recurring payment like lottery winnings which are specifically mentioned in the statute. Further, veterans benefits are not considered income for tax purposes but are specifically mentioned in the statute as an element of income for the purposes of determining support (Family Ct Act § 413 [1] [b] [5] [iii] [E]; Marsh v Fieramusca, 150 Misc 2d 776). The latter position buttresses a strict interpretation approach suggesting that the Legislature intended to include workers’ compensation and veterans benefits and exclude personal injury settlements as income within section 413 (1) (b) (5) of the Family Court Act.
As noted by the respondent, the language of Family Court Act § 413 (1) (b) (5) states, " '[i]ncome’ shall mean, but shall not be limited to, the sum of the amounts determined by the application of clauses (i), (ii), (iii), (iv), (v) and (vi) of this subparagraph reduced by the amount determined by the application of clause (vii) of this subparagraph”. This court agrees with the respondent’s argument that the Legislature intended to provide the courts with the discretion to include as income items other than those specifically enumerated (Marsh v Fieramusca, supra). Accordingly, this court finds that the portion of the petitioner’s settlement agreement which is structured so that the petitioner receives the amount of $1,350 from October 1, 1995 for life can be considered as income for the support of the subject children pursuant to the reasoning in Trunfio (supra) and the language of Family Court Act § 413 (1) (b) (5). The nonrecurring payments of the petitioner’s personal injury award cannot be considered as income within the ambit of Family Court Act § 413 (1) (b) (5).
Based on the foregoing, this court herein grants the petitioner’s objection to the extent as set forth herein and it is hereby ordered that the matter be remanded back to the Hearing Examiner to amend the prior order of child support to be consistent with this decision and order.