■ In the Matter of RICKE G. GREENIER, Respondent, v PATRICIA M. BREASON, Appellant. [673 NYS2d 794] —Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 3, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of his child support obligation.

By order dated June 25, 1995, petitioner was directed to pay child support in the amount of $140 per week. Following his loss of employment on August 25, 1995, petitioner sought a downward modification of this amount and a sharing of the transportation expenses of visits. At an appearance before a Hearing Examiner, it was stipulated that petitioner received $300 per week in unemployment insurance benefits, and further that he had received a personal injury settlement of over $31,000 after the June 25, 1995 support order had been entered.

Because neither party submitted a completed financial disclosure affidavit, the Hearing Examiner precluded them from offering any further proof with respect to their present

---

financial circumstances. Thereafter, the Hearing Examiner determined that despite petitioner's change in employment status, he had failed to demonstrate a change in circumstances warranting modification of the earlier child support order. In reaching this conclusion, the Hearing Examiner considered all of the resources available to petitioner, including the personal injury settlement. Family Court denied petitioner's objections, finding, *inter alia,* that the Hearing Examiner had not erred in viewing the settlement award as an asset, and this appeal ensued.

We affirm. "[A] parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support" (*Matter of Lutsic v Lutsic,* 245 AD2d 637, 638; *see, Matter of Collins v Collins,* 241 AD2d 725, 726-727, *appeal dismissed, lv denied* 91 NY2d 829). Here, petitioner did not establish that he was not "possessed of sufficient means or able to earn such means" as would enable him to comply with the terms of the prior support order (Family Ct Act § 413 [1] [a]). Accordingly, Family Court did not abuse its discretion in finding that petitioner had failed to meet his burden of showing a sufficient change in circumstances to warrant modification of that order (*cf., Matter of Halstead v Halstead,* 97 AD2d 588).

Petitioner, pointing to *Erie County Dept. of Social Servs. [Trunfio] v LaBarge* (159 Misc 2d 806, 809), argues that it is improper to treat his personal injury settlement as a "non-recurring payment" within the meaning of Family Court Act § 413 (1) (e) (*cf., Matter of S. G. v D. M.,* 171 Misc 2d 169, 171). As the circumstances prevailing here are markedly different, however, it was not inappropriate for Family Court, in exercising its discretion in determining what is to be included as income or otherwise viewed as an available resource (*see,* Family Ct Act § 413 [1] [b] [5] [iv]), to consider the extent to which petitioner's recent tort recovery might provide a means of satisfying his existing support obligation during a temporary period of unemployment (*cf., Matter of Webb v Rugg,* 197 AD2d 777, 779; *see, Matter of Meyer v Meyer,* 205 AD2d 784).

Petitioner's remaining contentions, including his allegations of bias on the part of the Hearing Examiner and Family Court, have been reviewed and found to be meritless.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.