■ In the Matter of RICKE G. GRENNIER, Appellant, v PATRICIA M. BREASON, Respondent. [681 NYS2d 703] —Mercure, J. Appeals (1) from an order of the Family Court of Broome County (Pines, J.), entered November 25, 1996, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of a prior child support order, and (2) from an order of said court, entered January 31, 1997, which, *inter alia*, in a proceeding pursuant to Family Court Act article 4, found petitioner in willful violation of a prior child support order.

Notwithstanding the fact that petitioner had been unemployed since August 1995 and his unemployment benefits were exhausted in January 1996, the record adduced at the fact-finding hearing, including evidence that petitioner received $31,400 in settlement of a personal injury action (*see*, *Matter of Greenier v Breason*, 251 AD2d 703), won $16,900 gambling at a casino during the period of unemployment and had an adjusted gross income of over $45,000 for the calendar year 1995, as reflected by the Federal tax return petitioner filed with the Internal Revenue Service, provided ample evidentiary support for Family Court's conclusion that petitioner was possessed of sufficient means with which to provide support for his son (*see*, Family Ct Act § 413 [1] [a]; *Matter of Greenier v Breason*, *supra*; *Matter of Lutsic v Lutsic*, 245 AD2d 637, 638). Under the circumstances, we are not inclined to disturb the findings that petitioner failed to meet his burden of showing a change in circumstances sufficient to warrant a downward modification of the child support order or that he willfully violated the support order.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.