**Leigh A. SLAUGHTER, Appellant,**

v.

**Lance W. SLAUGHTER, Appellee.**

No. 02–FM–1160.

District of Columbia Court of Appeals.

Submitted Jan. 18, 2005.

Decided Feb. 3, 2005.

Sebrina McClendon Greene, Washington, DC, for appellant.

Lance W. Slaughter, pro se.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

The issue in this case arises from the triennial recalculation of the parties' child support obligations required by their written separation and child support agreement. In recalculating child support for the years 2002 through 2004, the trial court took into account proceeds of a Settlement Agreement that appellant Leigh A. Slaughter had reached in 2001 with her former employer, the District of Columbia. According to that Agreement, on the basis of Ms. Slaughter's "notice of an intent to bring suit alleging[,] among other claims, libel, slander, defamation and statutory and constitutional violations of law, during the course of her employment relationship with the District," the District agreed to pay Ms. Slaughter $185,000 in full settlement of her claims without any admission of liability. The Agreement further provided that the District's employment records would be modified to reflect that Ms. Slaughter's departure from its employment was by way of voluntary resignation.

The trial court concluded that a portion of the settlement amount ($127,000) should be included in Ms. Slaughter's gross income for the purpose of calculating the parties' respective support obligations for 2002–2004. Ms. Slaughter disputes that determination, contending that the settlement with the District was "a personal injury settlement meant to make her

whole" (Br. for App. at 7), and that decisions from other jurisdictions—specifically Virginia and New York—exclude such "make whole" awards from an individual's income for the purpose of computing her child support obligation.[1] She urges us to follow those decisions.

The District's Child Support Guideline, D.C.Code § 16–916.01 (2001), however, defines "gross income" to be included in the award of child support as "income from *any source*" (emphasis added), without limitation. *Id.* § 16–916.01(c). It goes on, by way of illustration only, to enumerate twenty-five examples of such income, including "(10) Insurance benefits," a form of income that often, if not invariably, includes a "make whole" element. This court reviews a trial court's application of the Child Support Guideline for abuse of discretion. *See Weiner v. Weiner*, 605 A.2d 18, 20 (D.C.1992). Given the comprehensive meaning of the statutory term, the trial court did not abuse its discretion in including a portion of the settlement sum in Ms. Slaughter's gross income for the purpose of computing the parties' support obligations. Indeed, the logic of the court's decision is confirmed by the parties' dispute on appeal—ultimately futile—over whether Ms. Slaughter's written settlement with the District, couched in deliberately vague terms, was compensation meant for "physical and emotional stressors and/or injuries" (as she argues) or rather for "wrongful employment termination," including lost pay.

*Affirmed.*

---

1. *See Whitaker v. Colbert*, 18 Va.App. 202, 442 S.E.2d 429 (1994); *Erie County Dep't of Soc.* *Servs. v. LaBarge*, 159 Misc.2d 806, 606 N.Y.S.2d 520 (N.Y.Fam.Ct.1993).